Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com

Zachary Crosner (SBN 272295)
Blake Jones (SBN 211221)
Chad Saunders (SBN 257810)
CROSNER LEGAL, P.C.
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Phone: 855-976-9228
zach@crosnerlegal.com
blake@crosnerlegal.com
chad@crosnerlegal.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARK GONAZLEZ,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**SINCERELY, LLC d/b/a/ MYLENDINGLOAN; MICHAEL KIRSCHNER;** and DOES 1-10 Inclusive**,**<br><br>Defendant. | **Case No.:** 3:22-cv-2992<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. MARK GONZALEZ ("Plaintiff"), brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of SINCERELY, LLC ("Sincerely"), and MICHAEL KIRSCHNER ("Kirschner") (together, "Defendants") in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") and related regulations. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls and messages are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. In a recent decision, the Supreme Court interpreted the term "automatic telephone dialing system" and held that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator *or* to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021) (emphasis added).

6. In *Duguid*, the Supreme Court provided an example of such systems, stating: "For instance, an autodialer might use a random number generator to determine the order in which to pick phone numbers from a preproduced list. It would then store those numbers to be dialed at a later time." *Id.* at 1171-72 fn. 7.

7. Further, both *Duguid* and the legislative history of the TCPA are clear that the original focus on prerecorded voice technology prohibition was the fact that such communications involved agentless calls, not on the question of whether a literal voice was used during those agentless calls. *See* Hearing Before the Subcommittee on Communications of the Committee on Commerce, Science and Transportation, United States Senate One Hundred Second Congress First Session July 24, 1992, Testimony of Robert Bulmash and Steve Hamm at pg 11; 7 FCC Rcd. 8752 (F.C.C. September 17, 1992).

8. The Sixth Circuit has also recognized this distinction: "Congress drew an explicit distinction between 'automated telephone calls that deliver an artificial

or prerecorded voice message' on the one hand and 'calls place by 'live' persons' on the other." *Ashland Hosp. Corp. v. Serv. Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737,743 (6th Cir. 2013).

9. Similarly, the FTC has observed that "prerecorded calls are by their very nature one-sided conversations, and if there is no opportunity for consumers to ask questions, offers may not be sufficiently clear for consumers to make informed choices before pressing a button or saying yes to make a purchase." 73 FR 51164-01, 51167 (Aug. 29, 2008).

## JURISDICTION AND VENUE

10. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under a federal statute, namely the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

11. Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant does business within the state of California and Plaintiff resides within this district.

## PARTIES

12. Plaintiff is, and at all times mentioned herein, was a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39). Plaintiff was physically in California at the time he received the alleged text messages from Defendant.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant Sincerely is a limited liability company of the state of Florida. Defendant Sincerely, and all of its agents, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times

relevant herein Defendant Sincerely conducted business in the State of California and in the County of San Francisco, and within this judicial district.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant Kirschner is the owner of Defendant Sincerely. Defendant Kirschner at all time mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendant Kirschner had control over Defendant Sincerely and all activities that resulted in the conduct described herein.

15. Defendants Sincerely and Kirschner will hereinafter be collectively referred to as "Defendants."

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff was a citizen of San Francisco County, and a citizen of the State of California. Plaintiff is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

17. On or about October 6, 2021, Plaintiff received a text message from Defendants on his cellular telephone number ending in -6544.

18. Specifically, the text message read:

> Hi carlos, Hi , Our L.O Helen has been assigned to help you get your loan reviewed! Apply TODAY here: bit.ly/3CKTyng STOP to opt out

19. Defendants did not have Plaintiff's prior express consent to contact him on his cellular phone.

20. Based on the content and format of these text messages, Plaintiff alleges that they were sent via Defendants' SMS Blasting Platform, i.e., an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

21. The text message sent to Plaintiff's cellular telephone was not sent by a live agent and thus created a one-sided conversation in which Plaintiff could not receive a response to his questions and/or concerns. The text message also was sent in an automated fashion as a result of computerized campaigns that were pre-programmed in advance to send messages out to large groups of consumers all at once, either sequentially or via algorithmic dialing, i.e. in an automated fashion by a computer.

22. In Merriam Webster's Dictionary, "voice" is defined as "an instrument or medium of expression." It defines "artificial" as "humanly contrived…often on a natural model : MAN-MADE" and "lacking in natural or spontaneous quality."

23. The messages sent to Plaintiff by Defendants using the SMS blasting platform employed a text message as an instrument or medium of expression to deliver an automatic message drafted in advance of being sent, i.e. that of an SMS message, to convey a telemarketing communication to Plaintiff. SMS blasting platforms are man-made humanly contrived programs which allow companies to blast out such messages via non-spontaneous methods, i.e. automated methods similar to that of an assembly line in a factory. Such SMS blasting devices are incapable of spontaneity, as they must be programmed by the operator to automatically send messages out, *en masse*, pursuant to preprogrammed parameters.

24. Accordingly, Defendants' messages utilized an "artificial voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

25. In Merriam Webster's Dictionary, "prerecorded" is defined as "recorded in advance." "Recorded" is defined as "to set down in writing." The text message sent to Plaintiff's cellular telephone via an SMS blasting platform was set down in writing in advance by Defendants, whose employees wrote out the

standard automated messages that were to be sent to Plaintiff and other class members, and by way of preprogrammed SMS blasting, entered the prerecorded message into the SMS Blasting platform, and thereafter sent these messages pursuant to scheduled blasts that were programmed by Defendants. Thus, Defendants employed a text message as an instrument or medium of expression to deliver a prerecorded message drafted in advance of being sent.

26. Thus, Defendants' messages utilized a "prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

27. The telephone number that Defendants, or their agent texted were assigned to a cellular telephone service for which Plaintiff incurs charges for incoming texts pursuant to 47 U.S.C. § 227 (b)(1).

28. These text messages constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

29. Plaintiff was never a customer of Defendants and never provided his cellular telephone number to Defendants for any reason whatsoever. Accordingly, Defendants and their agents never received Plaintiff's prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

30. Such text messages constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

31. These text messages by Defendants, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated, as a member of the proposed Class.

33. Plaintiff represents, and is a member of, the Class, defined as follows: all persons within the United States who received any unsolicited text messages sent using an ATDS or an artificial or prerecorded voice from Defendants, which

text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of the Complaint through the date of class certification.

34. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

35. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

36. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

37. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using marketing and text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

38. There is a well-defined community of interest in the questions of law and fact involved affecting the Class members. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

a) Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendants or their agents sent any text messages (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system or artificial or prerecorded voice to any telephone number assigned to a cellular phone service;

b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c) Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

39. As a person that received at least one solicitation text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

40. Plaintiff and the members of the Class have suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual member's claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

41. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

42. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of the Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual

action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

43. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(B)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(b).

46. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b), Plaintiff and Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(B)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(b).

50. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51. Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and members of the Class, the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227(B)

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227(B)

- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each ATDS Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

52. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 20, 2022                                Respectfully submitted,

                **THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

                By:   s/ Todd M. Friedman
                      TODD M. FRIEDMAN, ESQ.
                      ADRIAN R. BACON, ESQ.

                Attorneys for Plaintiff